# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**MARTERRIO HARRIS and LACASTA BROOKS,** *Individually, and on behalf of themselves and others similarly situated,*

Plaintiffs,

v.

**FEDERATED SECURITY SOLUTIONS, LLC.,** d/b/a **SIGNAL 88 SECURITY, HUSTON S. AKINS,** *individually, and* **BEN TEAFORD**, *individually,*

Defendants.

No.

**FLSA 216 (b) Multi-Plaintiff Action**
**RULE 23 Class Action**
**JURY TRIAL DEMANDED**

## ORIGINAL 216 (b) MULTI-PLAINTIFF ACTION COMPLAINT

Plaintiffs, MarTerrio Harris and Lacasta Brooks ("Plaintiffs"), individually, and on behalf of themselves and all other similarly situated current and former hourly-paid employees, bring this FLSA 216 (b) Multi-Plaintiff action against Defendants, Federated Security Solutions LLC d/b/a Signal 88 Security, Huston S. Akins, and Ben Teaford ("Defendants"), and alleges as follows:

### I.   INTRODUCTION

1. The FLSA was passed by Congress in 1938. The principal congressional purpose enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 739 (1981). The liquidated damages

1

      provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum wage on time may be so detrimental to the maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of the worker to that minimum standard of well-being. *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 707-08(1945).

2. This is a multi-plaintiff action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") brought against Defendants on behalf of Plaintiffs, individually, and on behalf of other similarly situated hourly-paid, non-exempt security guards, dispatchers, and supervisors who were employed by Defendants during the three (3) years preceding the filing of this Complaint. Plaintiffs and potential plaintiffs seek damages for unpaid overtime compensation for those who have worked for Defendants as hourly-paid, non-exempt security guards, dispatchers, and supervisors at any time within the three (3) years preceding the filing of this lawsuit. The unpaid overtime wage claims of Plaintiffs and those similarly situated are unified through a common theory of Defendants' FLSA violations. This action also is brought as a Fed. R. P. 23 class action, alleging breach of contract under Tennessee state law, to recover unpaid contractual wages or, in the alternative, unjust enrichment/quantum meruit compensation, owed to Plaintiffs and other similarly situated current and former hourly-paid employees who are a member of a Rule 23 class as defined herein, and who are currently or previously employed by Defendant.

## II.  JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.,* 29

U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants' principal offices are located in this district and they have conducted business within this District during all relevant periods to this action.

### III.   PARTIES

5. Defendant, Federated Security Solutions LLC d/b/a Signal 88 Security is a Tennessee limited liability company with its principal address at 2715 Kirby Rd STE 17, Memphis, TN 38119. According to the Tennessee Secretary of State, the Defendant may be served via its registered agent: Huston S. Akins at its principal place of business listed above.

6. Defendant, Huston S. Akins was the principal owner and operator of Federated Security Solutions LLC d/b/a Signal 88 Security and had been responsible for the implementation and administration of the pay practices and exercised operational control of Federated Security Solutions LLC d/b/a Signal 88 Security during all times material to this lawsuit until he sold the company to Defendant Ben Teaford. Defendant Akins may be served at 2715 Kirby Rd STE 17, Memphis, TN 38119, or wherever he may be found.

7. Defendant, Ben Teaford, upon information and belief, is the current owner and Director of Operations of Defendant Federated Security Solutions LLC d/b/a Signal 88 Security and is responsible for the implementation and administration of the pay practices and exercised operational control during all times material to this lawsuit. Defendant Teaford may be served at 2715 Kirby Rd STE 17, Memphis, TN 38119, or wherever he may be found.

8. Plaintiff MarTerrio Harris was employed by Defendants as an hourly-paid, non-exempt dispatcher and supervisor during the three (3) year period immediately preceding the filing of this Complaint. Plaintiff Harris' Consent to Join this action is attached hereto as *Exhibit*

*A.*

9. Plaintiff Lacasta Brooks was employed by Defendants as an hourly-paid, non-exempt dispatcher during the three (3) year period immediately preceding the filing of this Complaint. Plaintiff Harris' Consent to Join this action is attached hereto as *Exhibit B*.

## IV. FACTUAL BASIS FOR SUIT

10. Defendant Federated Security Solutions LLC d/b/a Signal 88 Security is located in Memphis, Tennessee and provides protection of assets, security, and safety services for its customers in Tennessee.

11. Plaintiffs and those similarly situated individuals were employed as hourly-paid, non-exempt security guards, dispatchers, and supervisors by Defendants during the three (3) year period preceding the filing of this action.

12. Plaintiffs and those similarly situated typically worked forty (40) or more hours per week for Defendants during all times material to this action.

13. Defendants had a common plan and practice of denying Plaintiffs and those similarly situated (potential plaintiffs) one and one-half times their regular hourly rate of pay for all hours they worked over forty (40) per week within weekly pay periods.

14. Specifically, Defendants would only pay Plaintiffs and potential plaintiffs for forty (40) hours and then "edit-out/shave" the hours worked over 40.

15. Defendants were aware it was "editing-out/shaving" earned overtime compensation of Plaintiffs and potential plaintiffs within weekly pay periods during all times material.

16. Defendants failed to record and/or "edited-out/shaved" overtime hours worked by Plaintiffs and those similarly situated and thus failed to keep proper time and payroll records as required by the FLSA.

17. Defendants have been the "employers" of Plaintiffs and potential plaintiffs within the meaning of 29 U.S.C, § 203(d) and § 203(r) at all times material to this action.

18. At all times material to this action, Plaintiffs and potential plaintiffs have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three (3) years preceding the filing of this action.

19. At all times material to this action, Defendants have been an enterprise engaged in commerce and production of goods for commerce as defined by section 203(s)(1) of the FLSA.

20. Plaintiffs and similarly situated hourly-paid, non-exempt security guards, dispatchers, and supervisors also have engaged in commerce during the applicable statutory period.

21. The individual Defendants were responsible for the implementation and administration of Defendant Federated Security Solutions' LLC d/b/a Signal 88 Security pay practices, including the decision not to pay Plaintiffs and similarly situated security guards, dispatchers, and supervisors for all hours worked over forty (40) at one-and-one-half their regular hourly rates within weekly pay periods during all times material to this action.

22. The individual Defendants in their various capacities with Federated Security Solutions LLC d/b/a Signal 88 Security have engaged in commerce during the applicable statutory period.

23. Defendants' business operations have crossed state lines within weekly pay periods during

all times material to this Complaint.

24. Plaintiffs and similarly situated hourly-paid, non-exempt security guards, dispatchers, and supervisors have been subject to Defendants' aforementioned timekeeping and compensation plans, policies, and practice during all times relevant to this action.

25. Defendants have had a common policy, plan, and practice of only paying Plaintiffs and potential plaintiffs for forty (40) hours and then "editing-out/shaving" the hours worked over forty (40) and failing to pay Plaintiffs and similarly situated one-and-one-half times their regular hourly rates of pay for all overtime hours within weekly pay periods during all times material to this action.

26. Plaintiffs and others similarly situated have not received one and one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during the three (3) year period preceding the filing of this action.

27. Plaintiffs and others similarly situated complained to Defendants that they were not receiving one and one-half their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during all times material to this lawsuit.

28. Defendants were aware Plaintiffs and similarly situated security guards were not receiving one and one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during the three-year period preceding the filing of this action as it was Defendants' policy to only pay their hourly-paid, non-exempt security guards their straight time rate of pay for all hours worked over forty (40) per week.

29. The aforementioned unpaid overtime claims of Plaintiffs and those similarly situated are unified through a common theory of Defendants' FLSA violations.

30. Defendants willfully failed to compensate Plaintiffs and similarly situated security guards

at their regular hourly rates of pay for all hour worked over forty (40) within weekly pay periods during all times material to this Complaint.

31. Defendants knew and were aware they were not compensating Plaintiffs and those similarly situated at their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during all times material to this Complaint, without a good faith basis for their failure.

32. Defendants' common policies and practices of not compensating Plaintiffs those similarly situated for all their compensable overtime hours at the applicable FLSA overtime rates of pay have violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

33. As a result of Defendants' lack of good faith and willful failure to pay Plaintiffs and potential plaintiffs in compliance with the requirements of the FLSA, Plaintiffs and potential plaintiffs have suffered lost wages in terms of lost overtime compensation as well as other damages.

34. The net effect of Defendants' common plan, policy, and practice of practice of failing to pay Plaintiffs and similarly situated security guards one-and one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during all times material to this saction is they unjustly enriched themselves and enjoyed ill-gained profits at the expense of Plaintiffs and potential plaintiffs.

35. In addition, Defendants offered Plaintiffs and those similarly situated specific hourly rates of pay for all the work hours they performed for Defendants during all times material to this action.

36. Plaintiffs and those similarly situated accepted Defendants' offer by performing the work assigned them by Defendants during all times material.

37. However, Defendants failed to compensate Plaintiffs and those similarly situated for all their work hours within weekly pay periods in breach of its contractual wage obligations to Plaintiffs and those similarly situated, during all times material

## V. FLSA MULTI-PLAINTIFF ALLEGATIONS

38. Plaintiffs bring this case as a multi-plaintiff action on behalf of themselves and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

39. Plaintiffs seeks to send notice of this action and allow the opportunity for the following similarly situated persons or potential plaintiffs to join:

   > All current and former hourly-paid, non-exempt security guards, dispatchers, and supervisors employed by Defendants who were not paid one and-one half times their regular hourly rates of pay for all hour worked in excess of forty (40) hour per week, occurring anywhere in the United States within weekly pay periods during the three (3) years preceding the filing of this action. [1]

40. Plaintiffs seek to pursue their unpaid overtime wage claims against Defendants on behalf of themselves and on behalf all other similarly situated hourly-paid, non-exempt security guards, dispatchers, and supervisors.

41. Plaintiffs and potential plaintiffs are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendants employed a common pay system that resulted in a

---

[1] Plaintiffs reserve the right to amend the description of potential plaintiffs to receive notice upon the discovery of additional facts.

failure to pay Plaintiffs and potential plaintiffs for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay, as required by the FLSA.

42. This action is properly maintained as a multi-plaintiff action because Plaintiffs are similarly situated to the potential plaintiffs with respect to Defendants' pay and compensation policies and practices.

43. The multi-plaintiff mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to Plaintiffs and potential plaintiffs. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of Plaintiffs and potential plaintiffs to protect their interests.

44. Plaintiffs will fairly and adequately protect the interests of the potential plaintiffs as their interests are in complete alignment with those of potential plaintiffs, i.e., to pursue their aforementioned unpaid overtime compensation claims.

45. Counsel for Plaintiffs will adequately protect their interests as well as the interests of all potential plaintiffs.

46. Defendants knew Plaintiffs and potential plaintiffs performed worked in excess of forty (40) hours per week within weekly pay periods that required overtime compensation to be paid. Nonetheless, they operated under a common policy and practice to deprive Plaintiffs and potential plaintiffs of such overtime compensation.

47. Defendants' conduct, as alleged herein, was willful and has caused significant damage to Plaintiffs and potential plaintiffs.

48. Defendants did not have a good faith basis for their failure to compensate Plaintiffs and

potential plaintiffs for all their compensable overtime hours at the FLSA applicable overtime rates of pay within weekly pay periods during all times material to this action.

49. Therefore, Defendants are liable to Plaintiffs and potential plaintiffs under the FLSA for failing to properly compensate them for their aforementioned unpaid overtime pay.

50. Plaintiffs request this Court to authorize a facilitation of notice to the members of the coll to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation, as well as liquidated damages, under the FLSA, and the other relief requested herein.

51. Plaintiffs estimate there are more than fifty (50) potential plaintiffs. The precise number of potential plaintiffs can be easily ascertained by examining Defendants' payroll, scheduling, timekeeping, personnel and other work-related records and documents. Given the composition and size, potential plaintiffs may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in all of Defendants' headquarters.

52. Plaintiffs and potential plaintiffs' unpaid overtime compensation claims may be determined partially by an examination of Defendants' payroll, scheduling, time keeping, personnel and other such work-related records and documents.

### RULE 23 BREACH OF CONTRACT CLASS ACTION ALLEGATIONS

53. Plaintiffs bring this case as a Fed. R. Civ. P. 23 class action on behalf of themselves and other Rule 23 class members to recover the aforementioned unpaid contractual wages owed them.

54. Specifically, Plaintiffs bring this Fed. R. Civ. P. 23(b)(3) class action against Defendants on behalf of himself and the following similarly situated individuals:

> All hourly-paid employees who were employed by and worked for Defendants in the State of Tennessee during the six years preceding the filing of this Original Complaint, and who were not paid all wages and compensation owed them by the Defendants. (the "Rule 23 class").

55. Defendants promised Plaintiffs and other Rule 23 class members they would be compensated at a specified hourly rate of pay for all hours of work performed within weekly pay periods during all times material.

56. Plaintiffs and other Rule 23 class members fulfilled their acceptance of such promises by performing the required work directed by Defendants. However, Defendants failed to pay Plaintiffs and other Rule 23 class members the promised wages for all the work performed within weekly pay periods during all times material.

57. The precise number of Rule 23 class members is not known as of this time. However, the exact number of such class members easily can be ascertained by examining Defendants' payroll, scheduling, timekeeping, personnel, and other work-related records and documents.

58. Common questions of law or fact common to the Rule 23 class predominate over questions affecting only individual class members. These common questions of law or fact are:

    (a) Whether a unilateral contract existed between Defendants and Plaintiffs and the putative Rule 23 class for the payment of wages.

    (b) Whether Plaintiffs and other members of the Rule 23 class are entitled to the specified contractual wages promised them by Defendants under the Tennessee statutory and common law of contracts, quantum meruit and/or unjust enrichment.

    (c) Whether Defendants paid Plaintiffs and other members of the Rule 23 class all the

wages owed them within weekly pay periods during the relevant time period herein.

    (d)    Whether the Defendants unlawfully breached its unilateral wage agreements with Plaintiffs and members of the Rule 23 class;

    (e)    The nature and extent of the Rule 23 class -wide injury and the appropriate measure of damages for the putative Rule 23 class;

59. Pursuant to the allegations above, Plaintiffs' claims are typical of Rule 23 class claims.

60. Plaintiffs' claims and the claims of the members of the Rule 23 class arose from the same Defendants' actions or inactions herein and the claims are based on the same legal theories.

61. The identity of the Rule 23 class members is readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

62. Plaintiffs are adequate class representatives.

63. Plaintiffs were an hourly-paid employees of Defendants who, like other members of the Rule 23 class, was not paid promised wages for the all hours worked within weekly pay periods during all relevant periods of time herein. (Therefore, Plaintiffs have an inherent interest in seeking recovery for the same types of damages that members of the Rule 23 class would seek.)

64. Plaintiffs' unpaid wage claims are typical of those claims which could be alleged by any member of the Rule 23 class, and the relief sought is typical of the relief which would be sought by each member of the putative Rule 23 class in separate actions.

65. All the Rule 23 class members are/were subject to the same unlawful practices of Defendants in its failure to pay them all contractually agreed-upon wages.

66. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of breach of a wage contract litigation like the present action, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

67. Class action treatment will permit other similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions require.

68. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. However, treating the claims as a class action would result in a significant savings.

69. Although the relative damages suffered by individuals in the class are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation.

70. As a result, class treatment is a superior mechanism for resolving this dispute compared to the adjudication of individual litigation claims.

71. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees may be fearful of bringing individual claims because doing so could harm their employment, future employment, and future efforts to secure employment. (Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.)

72. Plaintiffs have engaged the law firm of Jackson, Shields, Yeiser, Holt, Owen & Bryant to pursue the unpaid wage claims of himself and other Rule 23 members. (The Jackson,

Shields, Yeiser, Holt, Owen & Bryant law firm focuses most of its practice on wage and hour claims under the FLSA and state contractual laws.)

73. The law firm has represented numerous other employees asserting unpaid contractual wage claims.

74. The class action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by Plaintiff and other members this Rule 23 class action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek redress for the wrongs done to them.

75. Plaintiffs and other members of this Rule 23 class have suffered and will continue to suffer irreparable damage from the unlawful wage practices implemented and administered by Defendants unless resolved by this action.

## COUNT I
**(Violation of the Fair Labor Standards Act – Unpaid Overtime Claim)**

76. Plaintiffs incorporate by reference all preceding paragraphs as fully as if written herein.

77. At all relative times, Plaintiffs and potential plaintiffs have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

78. At all relevant times, Defendants have been "employers" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiffs and potential plaintiffs also have engaged in interstate commerce during all times material to this action.

79. At all relevant times, Defendants employed Plaintiffs and each of the class members consistent with the terms of the FLSA.

80. At all relevant times, Plaintiffs and potential plaintiffs were "employees" of Defendants

14

within the meaning of the FLSA's overtime wage requirements.

81. Plaintiffs and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

82. As a result of Defendants' common policy and practice of working Plaintiffs and potential plaintiffs over forty (40) hours per week within weekly pay periods without compensating them for all such overtime hours at one and one-half times their regular rates of pay during such weeks, they violated the FLSA.

83. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

84. Through its actions, policies, practices, and plans, Defendants violated the FLSA by regularly and repeatedly failing to compensate Plaintiffs and potential plaintiffs for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint, as required by the Act.

85. Defendants' actions were willful with reckless disregard of clearly applicable FLSA provisions.

86. Defendants' actions were not in good faith.

87. The unpaid overtime claims of Plaintiffs and potential plaintiffs are unified through a common theory of Defendants' FLSA violations.

88. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiffs and similarly

situated employees have suffered and will continue to suffer a loss of income and other damages.

89. Therefore, Defendants are liable to Plaintiffs and potential plaintiffs for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## COUNT II
### (Rule 23 Class Action Violations)

90. Plaintiffs, on behalf of themselves and other members of the Rule 23 Class, repeats and re-alleges Paragraphs 1 through 75 above as if they were fully set forth herein.

91. Plaintiffs assert Rule 23 class breach of contract claims because Defendants entered in to valid and enforceable unilateral wage contracts with them pursuant to Tennessee common law.

92. Defendants offered to compensate Plaintiffs and other members of the Rule 23 class at a specified hourly wage within weekly pay periods for all work performed on their behalf.

93. Plaintiffs and other members of this Rule 23 class accepted Defendants' offer to pay them a specified hourly wage for all work performed within weekly pay periods by performing such work during all times material.

94. However, Defendants breached its obligations under the said contracts by failing to pay Plaintiffs and other Rule 23 class members the agreed-upon hourly compensation for all such hours they performed.

95. In the alternative to the breach of contract class claims, Plaintiffs assert a quantum meruit/unjust enrichment claim that he and each member of the proposed Rule 23 class provided valuable services to Defendants.

96. Defendants accepted their services and had reasonable notice that Plaintiffs and Rule 23 class members expected to be compensated for the work they performed on behalf of Defendants.

97. The reasonable value of such services provided to Defendants by Plaintiffs and Rule 23 members are consistent with the additional hourly rate of pay promised to them because Defendants benefitted to such degree or more from the work they performed.

98. Defendants were aware it failed to pay Plaintiffs and Rule 23 class members all the money owed them under the aforementioned wage contracts.

## **PRAYER FOR RELIEF**

Whereas, Plaintiffs, individually, and/or on behalf of themselves and all others similarly situated, requests this Court to grant the following relief against Defendants:

A. Promptly issue notices pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. For an Order finding Defendants liable under the FLSA for unpaid overtime compensation due to Plaintiffs and potential plaintiffs, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs and potential plaintiffs;

C. For certification of and notice to the Rule 23 Class, as further defined and determined by motions practice, and to properly inform them of their rights;

D. An award of damages associated with Defendants' breach of contract or, in the alternative, damages associated with their quantum meruit/unjust enrichment claims.

E. An award of all contractually agreed-upon wages;

F. For an Order finding that Defendants' violations of the FLSA were willful.

G. An award of prejudgment and post-judgment interest at the applicable legal rate to FLSA Plaintiffs and potential plaintiffs;

H. An award of prejudgment and post-judgment interest at the applicable legal rate to Rule 23 Plaintiffs and class members;

I. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to FLSA Plaintiffs and potential plaintiffs.

J. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **TRIAL BY JURY** on all issues so triable.

Dated: May 21, 2024                      Respectfully Submitted

*s/J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Joshua Autry (TN BRP #41423)
J. Joseph Leatherwood IV (TN BPR #39490)

**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*jautry@jsyc.com*
*jleatherwood@jsyc.com*

*Attorneys for Plaintiffs and those similarly situated*