IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

MARTERRIO HARRIS and LACASTA
BROOKS, *Individually, and on behalf of
themselves and others similarly situated*,

    Plaintiffs,

v.

FEDERATED SECURITY SOLUTIONS,
LLC, d/b/a SIGNAL 88 SECURITY, and
HUSTON S. AKINS, *individually*,

    Defendants.

Case No.: 2:24-cv-02339-MSN-cgc
JURY DEMAND

---

**ORDER DENYING JOINT MOTION FOR SETTLEMENT APPROVAL**

---

Before the Court is the Parties' Joint Motion for Approval of FLSA Settlement (ECF No. 51, "Motion") and related Notice of Correction (ECF No. 52). The parties ask the Court to approve their proposed Settlement Agreement.[1] The Settlement Agreement represents that the Total

---

[1] There is a circuit split as to whether the settlement of FLSA claims requires Court approval. *Compare, e.g., Martin v. Spring Break '83 Prods., LLC,* 688 F.3d 247, 256 (5th Cir. 2012) (not requiring Court approval) *with Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (requiring Court approval). The Sixth Circuit has not spoken directly on this issue, but district courts in the Sixth Circuit have regularly required court approval of FLSA settlements. *See, e.g., Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024 (W.D. Tenn. 2016); *Cardwell v. RPM Wholesale & Parts, Inc.*, Civil Case No. 21-10831, 2021 WL 5563979 (E.D. Mich. Nov. 29, 2021); *Love v. Gennett Co. Inc.*, No. 3:19-cv-296, 2021 WL 4352800 (W.D. Ky. Sept. 24, 2021). However, a growing number of district courts are rejecting the Eleventh Circuit's analysis in *Lynn's Food Stores*. *See, e.g., Askew v. Inter-Cont'l Hotels Corp.*, 620 F. Supp. 3d 635 (W.D. Ky. 2022). This Court takes no position on the matter, but because the parties in this case requested approval of their settlement, the Court has reviewed the parties' submissions.

Settlement Amount is $85,000.  However, the proposed allocation of settlement funds contains mathematical inconsistencies that prevent Court approval.

### Table 1:  Settlement Disbursement Breakdown[2]

Attorneys' fees, costs, and expenses: $54,900.00     (65% of the Total Settlement)

Mediator's fees:     $7,200.00     (9% of the Total Settlement)

Plaintiffs' recovery:     $26,500.00     (31% of the Total Settlement)

However, as presented, the total of these categories ($54,900 + $7,200 + $26,500 = $88,600) exceeds the Total Settlement Agreement by $3,600.00.  While the parties have represented to the Court via email that $54,900 in attorneys' fees, costs, and expenses includes Plaintiffs' portion of the mediator's fee, the Settlement Agreement, including Paragraphs 12, 17, and 29, does not clearly reflect this allocation.  The resulting ambiguity prevents the Court from determining whether the proposed allocation of the settlement funds is fair, reasonable, and consistent with the terms of the Agreement.  Notably, while attorneys' fees, costs, and expenses alone account for approximately 65% of the Total Settlement, the total allocations presented exceed the Total Settlement Agreement by more than 4%.

Any future motion for settlement approval should provide greater detail regarding the attorneys' fees, costs, and expenses, which currently comprise 65% of the Total Settlement Agreement.

Accordingly, the Joint Motion for Approval of FLSA Settlement (ECF No. 51) is **DENIED WITHOUT PREJUDICE** to refile.  The parties have thirty (30) days from the entry of this Order in which to submit a renewed motion or otherwise notify the Court of how they intend to proceed.

---

[2] The percentages above add to ore than 100% because the amounts presented by the parties exceed the Total Settlement.

**IT IS SO ORDERED**, this 11th day of June, 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE