IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

MARTERRIO HARRIS and LACASTA BROOKS, *Individually, and on behalf of themselves and others similarly situated*,

    Plaintiffs,

v().                                                                                             Case No.: 2:24-cv-02339-MSN-cgc
                                                                                                         JURY DEMAND

FEDERATED SECURITY SOLUTIONS, LLC, d/b/a SIGNAL 88 SECURITY, and HUSTON S. AKINS, *individually*,

    Defendants.

---

**ORDER GRANTING SECOND JOINT MOTION FOR SETTLEMENT APPROVAL**

---

Before the Court is the Parties' Second Motion for Approval of FLSA Settlement (ECF No. 54, "Motion"), filed June 20, 2025. The Court previously denied the initial settlement motion (ECF No. 51) without prejudice due to internal inconsistencies in the allocation of the Total Settlement Amount (ECF No. 53). The renewed Motion addresses the deficiencies identified in the Court's prior Order and clarifies the terms of the Parties' agreement. For the reasons stated below, the Motion is **GRANTED**.

**BACKGROUND**

Plaintiffs, on behalf of themselves and similarly situated individuals, filed this collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., alleging that Defendants failed to pay overtime wages to non-exempt security guards and dispatchers. Defendant denied Plaintiff's allegations and asserted that they acted in good faith and in

compliance with the FLSA at all relevant times.

Plaintiffs filed this action on May 21, 2024. (ECF No. 1.) Defendants answered on August 9, 2024. (ECF No. 20.) The Court entered a Scheduling Order (ECF No. 30) on October 4, 2024, following a scheduling conference held the same day. (ECF No. 29.) The parties conducted discovery and then stipulated to notice pursuant to 29 U.S.C. § 216(b) of the FLSA. (ECF No. 54-1 at PageID 354.) After formal and informal discovery, the parties participated in two all-day mediations with Allen Blair, Esq., the second of which occurred on February 10, 2025. (*Id*.) The parties reached a settlement in principle that day. (*Id*.) The parties jointly requested, and the Court granted additional time to finalize their written settlement agreement and to resolve related issues involving third parties. (ECF Nos. 47 & 49.) After the settlement agreement was finalized, the parties jointly moved for Court approval of the settlement. (ECF Nos. 51 & 54.)

## **STANDARD OF REVIEW**

The FLSA imposes a minimum wage and an overtime wage for several categories of employees. 29 U.S.C. §§ 206-07. To ensure compliance with the overtime and minimum wage provisions, the FLSA permits an employee to sue their employer to recover unpaid wages, an additional and equal amount as liquidated damages, and reasonable attorneys' fees. *Id.* § 216(b).

"The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement." *Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 3:11-cv-400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)). One exception applies when courts "approve settlement of suits brought in federal district courts pursuant to

Section 16(b) of the FLSA." *Id.* (citing *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).[1]

In reviewing a proposed FLSA settlement, a court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's*, 679 F.2d at 1355; *see also Green v. Hepaco, LLC*, No. 2:13-cv-02496, 2014 WL 2624900, at *3 (W.D. Tenn. June 12, 2014). First, "a bona fide dispute exists when there are legitimate questions about the existence and extent of the defendant's FLSA liability." *Selk v. Pioneers Mem. Healthcare Dist.*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016) (cleaned up); s*ee also Lynn's*, 679 F.2d at 1354 (there must be "issues, such as FLSA coverage or computation of back wages, that are actually in dispute"). Second, courts consider the following factors to determine whether a resolution is fair and reasonable:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

---

[1] There is a circuit split as to whether the settlement of FLSA claims requires Court approval. *Compare, e.g., Martin v. Spring Break '83 Prods., LLC,* 688 F.3d 247, 256 (5th Cir. 2012) (not requiring Court approval) *with Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (requiring Court approval). The Sixth Circuit has not spoken directly on this issue, but district courts in the Sixth Circuit have regularly required court approval of FLSA settlements. *See, e.g., Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024 (W.D. Tenn. 2016); *Cardwell v. RPM Wholesale & Parts, Inc.*, Civil Case No. 21-10831, 2021 WL 5563979 (E.D. Mich. Nov. 29, 2021); *Love v. Gennett Co. Inc.*, No. 3:19-cv-296, 2021 WL 4352800 (W.D. Ky. Sept. 24, 2021). However, a growing number of district courts are rejecting the Eleventh Circuit's analysis in *Lynn's Food Stores*. *See, e.g., Askew v. Inter-Cont'l Hotels Corp.*, 620 F. Supp. 3d 635 (W.D. Ky. 2022). This Court takes no position on the matter, but because the parties in this case requested approval of their settlement, the Court has engaged in the analysis under *Lynn's*.

*UAW v. GMC*, 497 F.3d 615, 631 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992) and *Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir. 1983)). "The Court may choose to consider only those factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Burnham v. Papa John's Paducah, LLC*, No. 5:18-CV-112-TBR, 2020 WL 2065793, at *2 (W.D. Ky. Apr. 29, 2020) (citing *Crawford v. Lexington-Fayette Urban Cty. Gov't*, No. CIV. A. 06-299-JBC, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008).

## DISCUSSION

### A.  Bona Fide Dispute

The Settlement resolves a bona fide dispute. Plaintiffs allege they worked off-the-clock before and after shifts, including during travel time, and were not properly paid overtime as dispatchers. (ECF No. 54-1 at PageID 354.) Defendant denies these allegations and asserts that it acted in good faith and in compliance with the FLSA. (ECF No. 20; ECF No. 54-1 at PageID 356.) Defendants also contend that, even if notice was appropriate, decertification would have been warranted. (*Id.* at 357.) Given these positions, the Court finds the existence of a bona fide dispute.

### B.  Fair and Reasonable Resolution

The Settlement Agreement provides that Defendants will pay a gross settlement amount of $85,000 with $26,500 distributed as net settlement payments to Named Plaintiffs and 154 Opt-In Plaintiffs; $51,300 allocated for attorneys' fees and costs, inclusive of $10,439.16 in expenses; and no separate administrative fees. (ECF No. 54-2 at PageID 366–68; ECF No. 54-3 at PageID 378–79.) Whether this settlement is fair and reasonable turns on consideration of the factors identified above. The Court addresses each factor in turn.

First, the Court has no reason to believe that the Settlement Agreement was reached through collusion or fraud. Courts "may presume that no fraud occurred and that there was no collusion between counsel" unless there is evidence otherwise. *See, e.g., Crawford v. Lexington-Fayette Urb. Cnty. Gov't*, No. CIV. A. 06-299-JBC, 2008 WL 4724499, at *6 (E.D. Ky. Oct. 23, 2008). The parties reached this settlement following two arms-length mediation sessions before an experienced neutral, after exchanging relevant pay and time records, and engaging in formal and informal discovery. (ECF No. 54-1 at PageID 354 & 358.) Nothing in the record suggests collusion or impropriety.

Second, the expense and duration of continued litigation weigh in favor of the settlement being fair and reasonable. "In evaluating settlements, courts are not required to reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements." *Does 1-2 v. Deja Vu Servs., Inc.*, 925 F.3d 886, 895–96 (6th Cir. 2019) (cleaned up). More than 150 individuals opted into the case, and the parties faced the prospect of continued discovery, decertification briefing, dispositive motions, and potentially a lengthy trial and post-trial appeals. (ECF NO. 54-1 at PageID 358–59.) The settlement avoids these costs and risks. This factor weighs in favor of the settlement.

Third, the parties settled this matter "after formal and informal discovery, two all-day mediations, and the exchange of records and legal perspectives." (ECF No. 54-1 at PageID 354.) The disputed legal issues—including whether Plaintiffs worked uncompensated hours and whether Defendants were responsible for that time—were at the heart of the parties' disagreement. The Court thus believes parties were able to adequately gauge the risks of continuing litigation in this matter.

Fourth, the parties maintained very divergent positions on the merits of the claims and on key damages issues, such as willfulness and liquidated damages. (ECF No. 54-1 at PageID 359.) Plaintiffs contend they regularly worked uncompensated hours and were denied overtime pay, while Defendants deny liability and assert that they acted in good faith. Given this legal dispute, both sides faced significant uncertainty as to the outcome in this matter. This factor thus weighs in favor of approving the settlement as a reasonable compromise.

Fifth, counsel describes the results as "a fair, adequate, and reasonable resolution of the Parties' bona fide dispute as to liability and damages under the FLSA." (ECF No. 54-1 at PageID 353–54.) Counsel explained that the allocation formula compensates dispatchers for 100% of their claimed unpaid half-time overtime and allocates security guard payments on work weeks and regular hourly rates. (ECF No. 54-1 at PageID 361.)

Finally, settlement is in the public interest. "If the settlement reflects a reasonable compromise over issues actually disputed, such as FLSA coverage or computation of back wages, a court may approve a settlement to promote the policy of encouraging settlement of litigation." *Crawford*, 2008 WL 4724499, at *9 (citing *Lynn's*, 679 F.2d at 1353) (cleaned up). "There is a strong public interest in encouraging settlement of complex litigation and class action suits because they are notoriously difficult and unpredictable and settlement conserves judicial resources." *Deja Vu Servs.*, 925 F.3d at 899 (6th Cir. 2019) (cleaned up). The settlement here conserves judicial resources while also promoting compliance with the FLSA. This final factor also supports approval of the settlement.

For the reasons set forth above, the Court finds that the settlement is fair and reasonable.

**C.    Attorneys' Fees and Costs**

"A reasonable fee is one that is adequate to attract competent counsel, but . . . [does] not

6

produce windfalls to attorneys." *Pittman v. Matalco (U.S.), Inc.*, Case No. 4:18CV203, 2018 WL 6567801, at *1 (N.D. Ohio Dec. 13, 2018) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). In determining the reasonableness of attorneys' fees, "[a] district court has discretion to choose between the percentage-of-the-fund method and the lodestar method . . . ." *Baker v. ABC Phones of N.C., Inc.*, No. 19-cv-02378-SHM-tmp, 2021 U.S. Dist. LEXIS 208344, at *11 (W.D. Tenn. Oct. 28, 2021) (citing *Van Horn v. Nationwide Prop. and Cas. Ins. Co.*, 436 F. App'x 496, 498 (6th Cir. 2011)). *See also Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 515 (6th Cir. 1993). "But even where attorney fees are sought pursuant to the percentage of the fund method, 'counsel must submit evidence providing a factual basis for the award.'" *Diaz v. Rockland Gardens Assocs.*, No. 22- CV-3281 (KMK), 2023 U.S. Dist. LEXIS 19024, at *10 (S.D.N.Y. Feb. 3, 2023) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012)).

Here, Plaintiffs' counsel seeks $51,300 in attorneys' fees, costs, and expenses. (ECF No. 54-2 at PageID 368.) Plaintiff's counsel submitted an affidavit in support of this amount and provided a breakdown of hours, expenses, and applicable lodestar. (ECF No. 54-3 at PageID 378–82; ECF No. 54-3.) The Motion asserts that the requested fee is consistent with both the agreed contingent fee and counsel's lodestar calculation, inclusive of $10,439.16 in litigation costs. (ECF No. 54-1 at PageID 359; ECF No. 54-3 at PageID 379.)

The requested fee of $40,860.84, exclusive of expenses, represents approximately 48% of the $85,000 settlement amount. (ECF No. 54-1 at PageID 361.) The amount was separately negotiated and is consistent with the contingent fee agreement. (*Id*. at PageID 361.) Given that the fee is less than the calculated lodestar, and in light of the risks borne and results achieved, the Court finds the fee reasonable and not a windfall.

Accordingly, the Court **APPROVES** the attorneys' fees and costs as requested.

7

## **CONCLUSION**

For the reasons stated above, the Court finds that the proposed settlement is fair, reasonable, and adequate resolution of a bona fide dispute under the Fair Labor Standards Act. The Court further finds that the requested attorneys' fees and costs are reasonable and do not constitute a windfall. Accordingly, the Joint Motion for Approval of FLSA Settlement (ECF No. 54) is hereby **GRANTED**. The Settlement Agreement is **APPROVED**, and the parties are directed to carry out the terms of the agreement. This action is hereby **DISMISSED WITH PREJUDICE**. The Court will retain jurisdiction for the limited purpose of enforcing the terms of the settlement agreement.

**IT IS SO ORDERED**, this 24th day of June, 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE